UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COCHRAN ET AL.                          *       CIVIL ACTION

VERSUS                                  *       NO. 06-5637

STATE FARM FIRE AND
CASUALTY COMPANY ET AL.                 *       SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

On August 12, 2005, the plaintiffs purchased insurance from State Farm that insured their personal property for damages caused by wind and rain.[1] The policy excludes losses caused by "flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not." On August 29, 2005, the contents of the plaintiffs' home were damaged during the Hurricane. The plaintiffs sued State Farm, claiming that their policy insured

---

[1] The policy insures against rain damage when "the direct force of wind or hail damages the building causing an opening in a roof or wall and the rain, snow, sleet, sand or dust enters through this opening."

against flood losses, or, in the alternative, that their property was damaged from wind and rain. State Farm now moves for summary judgment, arguing that the policy explicitly excludes flood damage and that the plaintiffs will not be able to show that the property was damaged by a covered risk.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Finally, in evaluating a summary judgment motion, the court must read the facts in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

The flood exclusion provision in the Cochrans' insurance policy excludes damage caused by flood. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 214 (5th Cir. 2007); Bilbe v. Belsom, 2007 WL 2042437, at *4 (E.D. La. 2007) ("State Farm's water damage exclusion clearly and unambiguously excludes damage for all

flooding...."). The plaintiffs contend, however, that the exclusion should not apply to them, because they never received a copy of the insurance policy. Their losses occurred after they entered into an insurance "binder," but before they actually received a copy of the policy. They claim that, in the absence of the actual policy, they relied on the oral statements from the insurance agent that the binder insured against all hurricane-related losses. This argument is without merit. The insurance binder states that: "[t]his Binder provides only the coverage contained in the policy applied for." Louisiana law is clear that an insurance binder is subject to the conditions of the policy contemplated. See <u>Donaldson v. United Community Insurance Co.</u>, 741 So. 2d 676 (La. App. 3rd Cir. 1999); <u>Brister v. Gulf Center Pipeline Co.</u>, 618 F. Supp 104, 110 (W.D. La. 1985) ("a binder merges into the subsequently issued policy so that the terms and conditions of the policy, in the case of conflict or ambiguity, are controlling."). Furthermore, alleged representations by an insurance agent cannot act to extend or enlarge coverage afforded by the policy. See <u>Marsh v. Reserve Life Ins. Co.</u>, 516 So. 2d 1311, 1315 (La. Ct. App. 2d Cir. 1987); <u>Edwards v. Greer</u>, 2007 WL 2685149 at *3 (La. App. 1st Cir. 2007).

   Because the State Farm policy excludes flood losses, the plaintiffs must establish that their losses were caused by a covered risk. See <u>Broussard v. State Farm Fire and Casualty Co.</u>, 2007 WL 2264535 at *2-3 (E.D. La. 2007)("plaintiffs are required to prove by a preponderance of the evidence that their personal

property was lost or damaged due to a specified covered risk named in the policy."). State Farm argues that the plaintiffs cannot separate the damage to their property between those items damaged from the rain and wind, and those items damaged by the undisputed 4 ½ feet of flood water that entered the residence as a result of the storm.  State Farm points out that Mr. Cochran says in part of his deposition testimony that it would be impossible to establish the cause and timing of all the property damage, because everyone had evacuated the area during the hurricane. Nevertheless, it is clear that summary judgment is inappropriate on this record, because there are unresolved issues of material fact relating to the cause of damage to the contents of the home. The plaintiffs point to evidence that a large tree, allegedly blown over by the wind, struck the plaintiffs' residence, puncturing a hole through the roof and causing the roof to separate from the walls. According to the plaintiffs, rain water continuously entered through the gaps in the roof for several hours before any flooding occurred. That is certainly possible. They have testified that several items of personal property, such as wall hangings and the top of a gun case and other furniture, were damaged by water even though these items were located above the flood line. The plaintiffs provide testimony and photographs relating to water damage to the interior ceiling of the structure, which they say shows that water clearly had entered into the residence prior to the flooding. The determination of what was the proximate cause, or causes, of the damage to the insured

property will be a question of fact for the jury. One isolated comment in a deposition does not equate with summary relief in this case.

Accordingly, the defendants' motion for summary judgment is denied.

New Orleans, Louisiana, November 1, 2007.

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE