**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


COCHRAN ET AL.                          *      CIVIL ACTION


VERSUS                                  *      NO. 06-5637


STATE FARM FIRE AND
CASUALTY COMPANY ET AL.                 *      SECTION "F"


ORDER AND REASONS

     Before the Court are two motions: (1) the defendants' motion
to dismiss the Van Hoose Insurance Agency, Inc., and (2) the
plaintiffs' motion to remand. For the reasons that follow, the
motion to dismiss is GRANTED and the motion to remand is DENIED.

Background

     The Cochrans purchased a State Farm renters insurance policy
through the Van Hoose Insurance Agency on August 12, 2005. Their
property was damaged as a result of Hurricane Katrina, and they
sued State Farm and Van Hoose, the insurance agent, in state court
on August 1, 2006, claiming recovery for flood losses and for
damages related to alleged misrepresentations by Van Hoose
regarding flood coverage. State Farm removed the case on August 31,
2006, invoking this Court's original diversity jurisdiction.[1] The

_____

     [1] State Farm also invokes this Court's original federal
subject matter or supplemental jurisdiction under the Multiparty,

defendants argue that Van Hoose, the only in-state defendant, has been fraudulently joined, and, therefore, diversity jurisdiction exists under 28 U.S.C. § 1332.  The defendants therefore move to dismiss Van Hoose; the plaintiffs oppose Van Hoose's dismissal and move to remand.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies. Common jurisdictional issues run through these cases, and the standards for diversity and federal question jurisdiction and the discretion to remand cases to state court have been enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. 2006).

This case is no different. In their state court petition, most of the Cochrans' allegations are directed at State Farm for failure to pay damages under the policy. Only one cause of action is

Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1). Every Section in this Court has ruled that the MMTJA does not apply in Hurricane Katrina cases; therefore, no subject-matter jurisdiction can be conferred upon the Court through the MMTJA.

directed toward Van Hoose. The plaintiffs allege that Van Hoose is
liable for losses "proximately caused by its negligence,
imprudence, and want of skill and inaccurate representations,"
which include Van Hoose's representation that "there was no policy
of renter's flood insurance available" and that "renters flood
insurance was not necessary because of the hurricane coverage
issued."[2] The plaintiffs assert that they relied on these
misrepresentations in deciding to forgo purchasing flood insurance.
As such, they allege that Van Hoose's negligence is the "proximate
cause" of all of their flood losses. The defendants respond that
the plaintiffs have no possibility of proving that Van Hoose's
alleged misrepresentations were the "proximate cause" of any
damages related to flooding whatsoever. The Cochrans visited the
Van Hoose agency on August 12, 2005, only seventeen days before
their property was flooded as a result of the hurricane. Flood
insurance policies, however, are subject to a thirty-day waiting
period before they take effect. <u>See</u> 42 U.S.C. § 4013(c)(1)
("[C]overage under a new contract for flood insurance. . . shall
become effective upon the expiration of the thirty-day period

---

[2] The plaintiffs also claim that Van Hoose should be
held liable for stating that "the binder issued by it constituted
coverage for hurricanes," and for "such other negligence,
imprudence, and want of skill and inaccurate representations" as
may be shown at trial. The Court has previously rejected the
plaintiffs' theory of liability with respect to the insurance
binder.

beginning on the date that all obligations for such coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed."). FEMA adopted regulations to implement that Congressional mandate. See 44 C.F.R. Part 61.11(c) ("[T]he effective date and time of any new policy. . . shall be 12:01 (local time) on the 30th calendar day after the application date and the presentment of payment of premium; for example, a flood insurance policy applied for with the payment of a premium on May 1 will become effective at 12:01 a.m. on May 31."). Even if Van Hoose advised the Cochrans that flood insurance was available (and assuming the Cochrans decided to purchase coverage), their misfortune would, regrettably, be the same: Their home would have been flooded by an undisputed four and one half feet of water on August 29, 2005, and the resulting flood losses would not have been covered, because of the thirty-day "waiting period." The defendants have met their burden to show that the plaintiffs have no possibility of recovery against Van Hoose.

Accordingly, IT IS ORDERED: the defendants' motion to dismiss the Van Hoose Insurance Agency is GRANTED, and the plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, February 13, 2008.

MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE

4